Rev. 9/91

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 1 9 2003

ROBERT H. SHEMWELL, CLERK
BY_____
         DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

Sue'Ann Easterling
Plaintiff

versus

Concordia Parish School Board
Defendant

Civil Action No. **CV03-0985-A**

**JUDGE DRELL**

**MAGISTRATE JUDGE KIRK**

Judge         Mag.Judge

## COMPLAINT
### UNDER SECTION 706(f) OF CIVIL RIGHTS ACT OF 1964

A.   Describe in your own words the employment practices about which you are complaining, identifying the persons, firms, companies, unions, agencies or bodies you say have engaged in such practices. Attach an additional sheet, if necessary.

Concordia Parish School Board, Superintendent, Dr. Lester Peterman, Principal, Rick Brown, and Superintendent Designee, Fred Butcher, all wrote letters stating they felt they hired the most qualified person, Damus Smith. These three people along with the School Brd ignored State Certification Guidelines by hiring an uncertified male applicant over a qualified, certified female applicant. (See EEOC Determination)

B.   Have you filed with the Equal Employment Opportunity Commission (EEOC) a Charge relating to such practices?
  X   Yes _____ No

C.   Have you received from the EEOC a letter notifying you of your "right-to-sue" respecting such charges?   X   Yes _____ No

   If "yes", attach a copy of such letter and notice, and state when you received same. Date received: March 08, 2003

(1)

D.  Have you received from the EEOC a copy of its Determination with regard to your charges?  __x__ Yes  _____ No

If "yes" attach a copy of such determination. Also, if you disagree with any of the EEOC's findings or conclusions, state why:

I do not disagree with EEOC's findings at this time.

_____

_____

_____

E.  Give any other information you desire to disclose which supports your claim of discriminatory employment practices.

Since my filing an EEOC complaint, I was told by Parish Officials I would not receive priority consideration and therefore have been continously denied consideration for other positions applied for within the School System. I have been relocated from my original
(see attached sheet for continuation).

F.  Under penalty of perjury, I declare that the information given in this complaint is true and correct.

Date: ___May 9, 2003___

_[Signature]_
Signature

P. O. Box 115
Street Address or P. O. Box

Vidalia, Louisiana 71373
City, State, Zip Code

318 / 481-1521
318 / 336-3342
Area Code / Telephone Number

WITNESSES:
_Leta Kendrick_
_Carla Cheek_

Sue'Ann Easterling
(Continuation of #E)


homebased school (Special Education/Populations Center)
and required to perform extra duties at another school
site.  I am systematically excluded from office activities,
such as staffings, office parties, etc.  This treatment
is an example of the continual pressure and misuse of
authority which seem designed to make me resign my position.

P.S. I request to be heard by jury. SAE



U.S. Department of Justice

Civil Rights Division

---

*Employment Litigation Section*
*P O Box 65968*
*Washington, DC 20035-5968*
*www usdoj gov/crt/emp/emphome html*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

RFB:WBF:mdw
DJ 170-33-102

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Sue Ann Easterling                              FEB 26 2002
Post Office Box 115
Vidalia, LA 71373

         Re: Sue Ann Easterling v. Concordia Parish
            School Board, EEOC No. 270-A2-00217

Dear Ms. Easterling:

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.
    <u>You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended</u>, 42 U.S.C. 2000e, <u>et seq</u>., against the above-named respondent. If you choose to commence a civil action, such <u>suit must be filed in the appropriate court within 90 days of your receipt of this Notice</u>.
    Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).
    We are returning the files in this matter to EEOC's New Orleans District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Patricia T. Bivins, District Director, EEOC, 701 Loyola Avenue, Suite 600, New Orleans, LA 70113-9936.

                             Sincerely,

                             Ralph F. Boyd, Jr.
                             Assistant Attorney General
                             Civil Rights Division

                By:        *[signature]*

                             William B. Fenton
                             Deputy Chief
                             Employment Litigation Section

cc: Jon K. Guice, Esq.
    Concordia Parish School Board

    Virginia W. Brown, Esq.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans District Office

*Celebrating 35 Years of Service*

701 Loyola Avenue, Suite 600
New Orleans, LA 70113-9936
(504) 589-2329
TTY (504) 589-2958
FAX (504) 589-6861
Website www.eeoc.gov

FNO-INF T2

Charge Number: 270-A2-00217

Sue Ann Easterling
P. O. Box 115
Vidalia, LA 71373                                              Charging Party

and

Concordia Parish School Board
P. O. Box 950
Vidalia, LA 71373-0950                                         Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission, the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII).

Charging Party alleges she was denied a transfer to the position of Head Coach of girls' basketball because of her gender, female, in violation of Title VII.

Examination of the evidence establishes that two females and a male teacher requested to fill the position of girls Head Basketball Coach at Vidalia High School. Respondent stated they selected the most experienced and qualified person.

Records show the male teacher has a BS in Business Management and he has coaching experience. The male was employed as a Business Teacher in September 2000. Prior to September 2000 he was a Vocational Teacher's Aide/Assistant Coach. He has a temporary teaching certification which allows him to teach until he becomes fully certified. Charging Party has a BS degree in Physical Education, a minor in secondary education, has coaching experience and is a certified teacher.

According to Bulletin 746-Louisiana Standards for State Certification of School Personnel, "No person who lacks this certificate shall be legally eligible for teaching, administrative, supervisory, or other professional services in the public schools of this state." State policies regarding the employment school personnel are designed to first reach those who are certified Respondent was required to present an affidavit stating that the position could not be filled by a certified teacher. Charging Party is certified and qualified for the Head Coach position.

Easterling v. Concordia Parish School Board
Charge Number 270-A2-00217
Page 2

Respondent has four male Head Coaches and no female Head Coaches. Further analysis of the evidence shows females as a class were denied transfer to the position of Head Coach. The second female applicant was qualified as was Charging Party. The second female is a certified teacher and has eight years of coaching experience at Vidalia Junior High.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful employment practice by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Section 706 and 709 of Title VII and the Commission Regulations apply to information obtained during the conciliation.

A proposed Conciliation Agreement which contains those provisions which, under the Commission's rules, regulations and guidelines, would provide relief to the affected party is attached. If the Respondent declines to discuss settlement or when, for any other reasons, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to the aggrieved person and the Commission. Failure to contact the Commission within ten (10) business days of receipt of this proposed Conciliation Agreement will indicate an unwillingness to engage in conciliation.

This determination does not conclude the processing of this charge. The Commission will begin Conciliation efforts, based on the enclosed proposed Conciliation Agreement, to resolve all matters where there is reason to believe that violations have occurred. You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission

7/31/02
Date

Patricia T. Bivins
District Director

Enclosures:   Copy of the Charge
              Proposed Conciliation Agreement
              Posting Notice

cc: Keith T. Hill, Regional Attorney

S:\Bealer\LOD7A200217ConcordiaParishSchoolBoard



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans District Office

701 Loyola Avenue, Suite 600
New Orleans, LA. 70113-9936
(504) 589-2329
TTY (504) 589-2958
FAX (504) 589-6861

FNO-ENF T2

PROPOSED CONCILIATION AGREEMENT

In the Matter of:

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Sue Ann Easterling
P. O. Box 115
Vidalia, LA   71373

Charge Number: 270-A2-00217

Charging Party

and

Concordia Parish School Board
P. O. Box 950
Vidalia, LA   71373-0950

Respondent

An investigation having been made under Title VII of the Civil Rights Act of 1964, as amended, by the U.S. Equal Employment Opportunity Commission (EEOC) and reasonable cause having been found, the parties do resolve and conciliate this matter as follows:

GENERAL PROVISIONS

1. The Charging Party agrees not to sue the Respondent with respect to any allegations contained in the above referenced charge. EEOC agrees not to use the above-referenced charge as the jurisdictional basis for filing a lawsuit against the Respondent. However, nothing in this Agreement shall be construed to preclude EEOC and/or any aggrieved individual(s) from bringing suit to enforce this Agreement in the event that the Respondent fails to perform the promises and representations contained herein. Neither does it preclude the Charging Party or the Commission from filing charges in the future.

2. EEOC reserves all rights to proceed with respect to matters like and related to these matters but not covered in this Agreement and to secure relief on behalf of aggrieved persons not covered by the terms of this Agreement.

3. The Respondent agrees that it shall comply with all requirements of Title VII.

Easterling v. Concordia Parish School Board
Charge Number 270-A2-00217
Page 2

4. The Parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under Title VII or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceeding, or hearing under Title VII.

5. The Respondent agrees that EEOC may review compliance with this Agreement. As a part of such review, EEOC may require written reports regarding compliance, may inspect the Respondent's premises at reasonable times, interview employees, and examine and copy relevant documents.

6. This Agreement shall remain in full force and effect for three years subsequent to the date of its execution.

## EMPLOYMENT POLICIES AND PRACTICES

### GENERAL PROVISION

Respondent agrees not to discriminate on the basis of race and retaliation in all phases of employment including recruitment, hiring, job assignment, promotion, training, and other terms, conditions or privileges of employment.

### CHARGING PARTY - RELIEF

1. Respondent agrees to transfer Charging Party to the position of girls' Head Basketball Coach with retroactive back pay from the date the Conciliation Agreement is signed back to September 15, 2001 plus interest minus legal deductions.

2. Respondent agrees to pay the Charging Party compensatory and punitive damages in an amount to be determined.

3. Respondent agrees to develop an Equal Employment Opportunity Policy and disseminate a copy to all employees requiring them to sign a stipulation that the policy has been read and understood.

4. Respondent agrees to expunge Charging Party's personnel file of any and all documents and entries relating to the facts and circumstances which led to the filing of the instant charge of discrimination and the related events which occurred thereafter.

5. Respondent agrees to provide letters of neutral reference to prospective employers of the Charging Party and will not refer to the matters arising under or relating to the instant charge.

Easterling v. Concordia Parish School Board
Charge Number 270-A2-00217
Page 3

6.  Respondent agrees to notify the Office Director of any proposed personnel action adversely affecting the Charging Party 10 days prior to the adverse action being taken.

## AFFECTED CLASS

1.  Respondent agrees to pay the affected class members compensatory and punitive damages in an amount to be determined.

2.  Respondent agrees to expunge affected class members' personnel file of any and all documents and entries relating to the facts and circumstances which led to the filing of the instant charge of discrimination and the related events which occurred thereafter.

3.  Respondent agrees to provide letters of neutral reference to prospective employers of the affected class members, and will not refer to the matters arising under or relating to the instant charge.

4.  Respondent agrees to take appropriate disciplinary action against the individuals responsible for the discriminatory acts. The Respondent will submit documented evidence of the disciplinary act to the District Director within 30 days of the effective date of this Agreement.

## NOTICE REQUIREMENT

Respondent agrees to sign and conspicuously post the Notice to Employees found as Attachment A. Respondent will post copies of the Notice on all employee bulletin boards for a period of three years from the date of execution of this Agreement.

## REPORTING REQUIREMENTS

Respondent agrees to provide a report within ten (10) days from the effective date of this Agreement to the New Orleans District Office of the U.S. Equal Employment Opportunity Commission (EEOC) describing the following:

1.  a copy of non-retaliation policy and evidence of Title VII training;

2.  evidence that Title VII training was provided to all employees;

3.  copies of the specific items expunged from the Charging Party's records and a copy of the Charging Party's personnel record after having been expunged.

4.  copies of checks payable to the Charging Party as proof of payment.