

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 21 2004

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SUE ANN EASTERLING                          CIVIL ACTION NO. 03-0985-A

VERSUS                                      JUDGE DRELL

CONCORDIA PARISH SCHOOL BOARD               MAGISTRATE JUDGE KIRK

### MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Defendant, Concordia Parish

School Board, which, pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully

moves this Honorable Court for a summary judgment dismissing plaintiff's claims at her cost and

in support of the Motion for Summary Judgment respectfully supplies the court with the following

documents:

1.  Affidavit of Sheila Talamo;
2.  Affidavit of Tommy Henry;
3.  Affidavit of Dr. Kerry Laster;
4.  Affidavit of Mary Tarver;
5.  Affidavit of Fred Butcher;
6.  Deposition transcript of Sue Ann Easterling;
7.  Deposition transcript of Robert Sanders;
8.  Deposition transcript of Damus Smith;
9.  Deposition transcript of Fred Butcher;
10. Deposition transcript of Brenda Logan;
11. Deposition transcript of Mary Bell;
12. Deposition transcript of Loretta Peterman;
13. Deposition transcript of Rick Brown;
14. Deposition transcript of Mary Tarver;
15. Exhibits from above depositions;
16. Defendant's Position Paper to EEOC;
17. EEOC's Determination Letter;
18. Plaintiff's memos/correspondence to administration
    and responses to same;
19. Transcript from December 2003 hearing;



20.    Photos of Damus Smith coaching, awards and resume;

21.    Copy of *Barnes v. Department of Navy*, 2004 U.S. App. Lexis 7203.

The pleadings of record, affidavits and deposition transcripts set out hereinabove evidence the absence of a material issue of fact and that Defendant is entitled to judgment as a matter of law.

WHEREFORE, defendant prays that its Motion for Summary Judgment be granted dismissing plaintiff's claims at her cost.

Respectfully submitted,

HAMMONDS & SILLS
1103 Royal Avenue
Monroe, LA 71201
(318) 324-0101

By:_____
    Jon K. Guice, Bar No. 20841
    Michael Blake Kramer, Bar No. 28645


### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been forwarded to Laurie W. Lyons, Walker, Tooke & Lyons, 1700 Irving Place, Shreveport, Louisiana 71101, counsel of record for plaintiff herein, by placing a copy of same in the United States mail, postage prepaid, this ___ day of May, 2004.

_____
Jon K. Guice

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 2 1 2004

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUE ANN EASTERLING | CIVIL ACTION NO. 03-0985-A |
| VERSUS | JUDGE DRELL |
| CONCORDIA PARISH SCHOOL BOARD | MAGISTRATE JUDGE KIRK |

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes defendant, Concordia Parish School Board, which respectfully supplies the Court with the following Memorandum of Authorities in Support of the Motion for Summary Judgment filed herein.

### I. Facts[1]

The present action involves plaintiff's allegations of gender discrimination and retaliation arising out of her failure to be appointed as head girls basketball coach at Vidalia High School. The facts material to the resolution of the present motion are set out in detail in the attached Statement of Material Facts. Accordingly, only a brief recitation of certain facts will be provided hereinbelow.

When the existing coach at Vidalia High School announced her intent to retire, the principal interviewed three candidates for the position and ultimately assigned the coaching duties to Damus Smith. It cannot be seriously disputed that Mr. Smith had significantly more coaching experience than the plaintiff. Rather, Plaintiff's complaint relative to Mr. Smith's appointment was that he was not a certified teacher. He was teaching pursuant to a temporary certificate which allowed him to

---

[1] Specific page/line references are set out in the Statement of Material Facts.

teach until he had obtained full certification.  Both the Louisiana High School Athletic Association and the Louisiana Department of Education have supplied affidavits attesting to the fact that certification is not required for one to be legally appointed to coach.  In fact, Defendant had employed a female coach at Ferriday High School under the same circumstances.  The Ferriday coach was not certified at the time she was appointed.  Moreover, Defendant's record of hiring and promoting female employees is well documented.

As to the issue of retaliation, Plaintiff simply contends that there were "changes" in the certain aspects of her job.  The facts set forth in Defendant's Statement of Material Facts clearly show that there were legitimate educational reasons as well as legal requirements which resulted in the various "changes" of which she now complains.  Plaintiff was not, however, the victim of retaliation.

## II.  Law and Argument

### A.  Standard for granting Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Federal Rules of Civil Procedure 56(c).  As the United States Supreme Court stated in Celotex Corporation v. Catrett:

> "The plain language of Rule 56(C) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party will bear the burden of proof at trial." 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

-2-

To oppose summary judgment, Rule 56(E) requires the non-moving party to designate specific facts showing there is a genuine issue for trial. *Celotex*, supra. Where, as in the instance case, "the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may be properly made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex*, 477 U.S. at 324 (internal quotations omitted). The nonmoving party is then required "to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. This burden is only satisfied by presenting evidence, not by presenting arguments or facts alleged in the complaint." *Fiesel v. Cherry*, 294 F.3d 664, 667 (5th Cir. 2002). The evidence produced must present a factual issue concerning the existence of every component of the nonmovant's case. *Bejil v. Ethicon, Inc.*, 269 F.3rd 477, 479 (5th Cir. 2001). The nonmovant may not rely on the theoretical possibility that her claim is valid. *Pennington v. Vistron Corporation*, 876 F.2d 414, 426 (5th Cir. 1989).

The United States Supreme Court set out the proof structure to be used by courts in evaluating claims of employment discrimination alleging disparate treatment in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed. 2d 668 (1973). Initially, a plaintiff must establish a *prima facie* case of unlawful discrimination.[2] If the plaintiff is successful in this initial phase, the employer then must articulate a legitimate, non-discriminatory reason(s) for the adverse employment decision. The employer's burden, however, is one of production only. *Texas Dept. of*

---

[2]A plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she was not chosen for the position in question and (4) the position was filled by someone outside the protected class. *Rutherford v. Harris County*, 197 F.3d 173, 179 (5th Cir. 1999).

*Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed. 2d 207 (1981). The employer does not have to persuade the fact-finder that the reason(s) advanced are, in fact, the real reasons why the employment action was taken. *Id.*

Once the employer produces evidence of the legitimate, non-discriminatory reason(s) for the employment decision, the burden shifts back to the plaintiff to show that the employer's articulated reasons are merely a pretext for discrimination. *Burdine,* supra. At this point, the plaintiff must answer the ultimate question of whether there was discrimination *vel non.* To do this, a plaintiff must show not only that the employer's reasons are unworthy of credence, but that, in this case, the employer intended to discriminate. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 514, 113 S.Ct. 2742, 2751, 125 L.Ed. 2d 407 (1993). See also, *Hanchey v. Energas Co.,* 925 F.2d 96, 98 (5th Cir. 1990) ("[Showing the proffered reason is unworthy of credence], however, must extend beyond casting doubt on the reasonableness of the employer's action; otherwise, the law would be converted to a "just cause" provision for the protected class of employees, an effect Congress clearly did not intend.").

**B. School Board did not discriminate against plaintiff in filling coaching position**

While Defendant acknowledges that a male employee was appointed to fill the coaching position, Defendant shows that there was a legitimate, nondiscriminatory basis for the appointment. The Fifth Circuit Court of Appeals has provided that "[t]he promotion of a better qualified applicant is a legitimate and nondiscriminatory reason for preferring the successful applicant over the rejected employee who claims that the rejection was discriminatory." *Jefferies v. Harris County Cmty. Action Ass'n,* 693 F.2d 589, 590 (5th Cir. 1982).

In the present case, defendant respectfully submits that an objective review of the experience levels of the two applicants at issue clearly shows that Damus Smith was more qualified than plaintiff. See Statement of Material Facts and Exhibit 20. Moreover, Defendant's record of making employment assignments without regard to gender is well documented.[2]

Other employees agree with the principal's assessment of Mr. Smith's experience. The deposition of Robert Sanders, defendant's only other APE teacher, was taken in this matter.[3] Mr. Sanders testified:

> "Q    Given your personal knowledge of both Mr. Smith and Ms. Easterling, do you have an opinion as of 2001 who had the most experience in coaching basketball?
>
> A    Mr. Smith had more experience with regular kids.
>
> Q    How would you compare the experience that Mr. Smith would have as far as the number of practices and games as compared to that of Ms. Easterling?
>
> A    He had more.
>
> Q    Substantially more?
>
> A    Yes." (Page 50, lines 13-25).

In addition to teaching and coaching Special Olympics, Mr. Sanders has served as head coach of the Vidalia boys basketball team since 1991. Mr. Sanders testified that Damus Smith had been actively coaching at Vidalia High School from "the late '70s until now" (Sanders depo. p. 52, line 16) and

---

[2]As set out in the attached Statement of Facts and affidavits, the vast majority of the administrative positions in the Concordia Parish School system are held by females, and all schools have had a female head coach in basketball within the past five years. One of the three high school coaching positions is currently held by a female.

[3]Significantly, before Mr. Sanders' deposition, Plaintiff was asked of her opinion of Mr. Sanders and testified that she felt like he was "a very honest person." (Easterling depo. p. 210, line 11).

had taught Mr. Sanders what he knew about basketball strategy. When asked to compare coaching high school basketball with coaching Special Olympics (Plaintiff's coaching experience), Mr. Sanders testified that regular high school basketball was more complex (Sanders depo. p. 51, line 18).   In short, Damus Smith was more qualified than Plaintiff.

In light of the legitimate, non-discriminatory  reasons articulated by Defendant, Ms. Easterling can survive the present motion only by establishing that the reasons for the appointment set forth by Defendant are a mere pretext for discrimination.  In order to establish pretext in a situation such as in the instant matter, the unsuccessful applicant must show that she was "clearly better qualified" than the person ultimately selected for the position. *Price v. Federal Express Corp.,* 283 F.3d 715, 723 (5th Cir. 2002).  Showing, however, that the complaining employee was merely as qualified as the person selected for the position is not enough. *Id.*  Further, "[i]n order to establish pretext by showing the losing candidate has superior qualifications, the losing candidate's qualifications must 'leap from the record and cry out to all who would listen that he was vastly – or even clearly – more qualified for the subject job.'" *Price,* 283 F.3d at 723, *quoting Odom v. Frank,* 3 F.3d 839, 847 (5th Cir. 1993).  See also, *EEOC v. La. Office of Comty. Servs.,* 47 F.3d 1438 (5th Cir. 1995).

In addition, the more recent decision of the   Fifth Circuit in *Barnes v. United States Department of Navy,* 2004 U.S. App. Lexis 2702 (4/14/04) is particularly instructive[4].  In *Barnes,* the plaintiff was one of two candidates for a Navy position as an Equal Employment Opportunity Manager in the Navy's New Orleans Reserve Force.  The successful applicant was interviewed by a panel comprised of four members and was unanimously selected.  Thereafter, the plaintiff filed a

---

[4]A copy of the opinion is attached hereto as Exhibit 21.

complaint in which he alleged that the Navy had discriminated against him because of his age, race and gender. The plaintiff further alleged that the Navy had retaliated against him.

The district court granted summary judgment in favor of the Navy. The court concluded that although the plaintiff was qualified for the position, the Navy's articulated reasons for failing to select him were not pretextual "because Barnes failed to show that he was clearly better qualified than Salayon." The district court also granted summary judgment in favor of the Navy on the plaintiff's retaliation claims because he failed to demonstrate any causal connection between the protected activity and the adverse employment action.

When addressing the issues on appeal, the *Barnes* court wrote at page 3 of the opinion:

> "**The Navy does not argue that Barnes was not qualified; instead, the Navy has presented reasons why Barnes' experience did not make him as qualified as Salayon**. Given the requirements for the position of EEO manager, it is particularly relevant that Martino noted Barnes' 15 years experience as deputy EEO were spent in a non-policy-making level, implementing policies developed by others. These are legitimate, nondiscriminatory reasons why the Navy could permissibly choose to promote Salayon instead of Barnes. (Emphasis Supplied)
>
> Once the Navy offered its nondiscriminatory explanation, Barnes had the burden of producing evidence that the Navy rationale was false and a mere pretext for discrimination. (Citations omitted) Here, Barnes attempted to do so, by showing that he was clearly better qualified for the EEO manager position.
>
> We have previously held that a showing that the unsuccessful employee was clearly better qualified is enough to prove that the employer's proffered reasons are pretextual. (Citations omitted) This evidentiary basis for creating a permissible inference of discrimination is a limited one; the standard for being "clearly better qualified" is high. **The bar is high for such evidence "because differences in qualifications are generally not probative evidence of discrimination unless those disparities are of such weight and significance that no reasonable person, in the exercise of**

> **impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.** (Citations omitted) **In other words, we do not review personnel decisions for their wisdom.**" (Emphasis supplied).

In the present case, defendant respectfully submits that an objective review of the experience levels of Mr. Smith and Plaintiff clearly shows the Defendant chose Mr. Smith on the basis that he was more qualified than Plaintiff.[5]    Under no scenario can plaintiff meet her burden of proof: showing no reasonable person, in the exercise of impartial judgment, would have chosen Mr. Smith over her.

## C. Defendant did not retaliate against Ms. Easterling

In order to state a claim for retaliation under Title VII, a plaintiff must establish three (3) elements.  Specifically, a plaintiff must show:

> "(1) the employee....engaged in an activity protected by Title VII; (2) the employer....subjected the employee to an adverse employment action; and (3) a causal nexus....exist[s] between the plaintiff's participation in the protected activity and the adverse employment action." *Scrivener v. Socorro ISD*, 169 F.3d 969, 972 (5th Cir. 1999).

See also *Burger v. Central Apartment Management, Inc.*, 168 F.3d 875 (5th Cir. 1999); and *Mattern v. Eastman Kodak Co.*, 104 F.3d 702 (5th Cir. 1997).

The burden-shifting structure set out by the United States Supreme Court in *McDonnell Douglas Corp.*, supra., is applicable to Title VII retaliation cases. *Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir. 2000); *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). Therefore, if the plaintiff/employee establishes a *prima facie* case, the burden of production shifts to the employer

---

[5]Plaintiff is expected to point to a disputed fact as to whether Mr. Smith was offered the coaching position after Brenda Logan rejected the position or whether the position was even offered to Ms. Logan initially.  This issue, while disputed, is immaterial for purposes of the present motion and  was not referenced by the EEOC in its determination.

to articulate a legitimate, non-retaliatory reason for its actions. *Haynes,* 207 F.3d at 299; *Long,* 88 F.3d at 305. If the defendant meets its burden, the burden again shifts to the plaintiff to answer the ultimate question of whether the defendant unlawfully retaliated against the plaintiff, *i.e.,* whether the employee's engaging in the protected activity was a "but for" cause of the adverse employment action experienced by the employee. *Haynes,* 207 F.3d at 299; *Long,* 88 F.3d at 305.

While it is undisputed that filing an EEOC complaint or lawsuit is a protected activity, Defendant contends, however, that Plaintiff cannot establish a *prima facie* case of retaliation because she did not suffer an adverse employment action nor can she show the requisite causal link. Plaintiff is still employed by Defendant, has suffered no reduction in salary, and has not received less than a satisfactory evaluation. Plaintiff's allegations of retaliation relate to "changes" in procedures which she contends have increased the burden of her job. Plaintiff's allegations are neither factually or legally sufficient to constitute retaliation.[6]

The Fifth Circuit has interpreted the "adverse employment action" element more strictly than some other circuits. Specifically, the Fifth Circuit has provided that Title VII was designed to address only those actions which could be termed "ultimate employment decisions" and not those decisions which "arguably might have some tangential effect upon those ultimate decisions." *Burger,* 168 F.3d at 878. "Ultimate employment decisions" have been defined to "include acts such

---

[6]Plaintiff is also expected to suggest that, due to retaliation, she was not transferred to the Behavioral Interventionist position. However, Plaintiff does not challenge the credentials of the person initially hired for that position, a female. This employee is a registered nurse and is also a nationally-certified teacher. At the time she was hired, the Defendant was also looking for a school psychologist but received no applicants. An unsuccessful applicant for the Behavioral Interventionist position, had a Masters degree in Psychology and was hired as a second Behavioral Interventionist until he could become certified as a School Psychologist. (Tarver deposition, page 67, lines 9-25). Plaintiff does not hold a psychology degree.

as hiring, granting leave, discharging, promoting, and compensating." *Ibid.* (Internal quotations omitted.).  See also *Mattern,* supra.

Plaintiff is still employed by the Concordia Parish School Board, has not suffered a reduction in pay and has received no evaluation less than satisfactory.  None of the alleged acts of retaliation effect an ultimate employment decision, nor can Plaintiff establish a causal link between her protected activities and the alleged acts of retaliation.  However, even were the Court to be convinced that a prima facie case had been established, the deposition transcripts and affidavits evidence legitimate, non-discriminatory reasons for each of the "changes" of which Ms. Easterling now complains.  For instance, it was educationally sound for Defendant to ask that Plaintiff maintain a complete one-hour planning period as all other teachers are required to do and her students deserved.[7]  It was educationally sound for the various superintendents who have served Concordia Parish over the past few years to require students to maximize classroom time since all students test scores would be averaged into the entire parish's test scores.[8]

In addition, there were legal reasons for other "changes."  The Louisiana Attorney General determined that federal law required students to be transported in vehicles meeting the definition of school buses.[9]  Louisiana law also requires school boards to provide reasonable supervision of

_____

[7]Plaintiff contends that she should have been allowed to report to a different location 15 to 25 minutes away to begin her daily duties.

[8]Plaintiff complains that she was unable to remove Special Olympics students from the classroom as she had done in the past during the school day.

[9]Ms. Easterling complained that she was not allowed to transport students in vans.

-10-

children while on campus.[10]  Understandably, any changes that occur in a person's daily routine,

regardless of their cause, may be frustrating or cause inconvenience.  However, just because there

has been a change does not mean there has been retaliation.  Perhaps the plaintiff best summarized

this distinction when she testified:

> "...a lot of these things just make you upset.  It's not breaking the law.  They
> just upset you.  You can't prove that it was retaliation.  There are just things
> that happen that upset you." (Easterling depo. p. 198, lines 1-3).

In short, no adverse employment action has been taken against Plaintiff, and there is no

causal connection between Ms. Easterling having filed the present suit.  Without establishing these

essential elements, her retaliation claim must fall.  Even had she made the necessary showing,  the

requirement that students maximize classroom time, that Ms. Easterling  maintain a duty post one

morning each week as all other teachers do, and that school buses be used to transport students  are

legitimate, non-discriminatory explanations for the "changes" experienced by teachers in Concordia

Parish.

### D. Conclusion

Plaintiff is asking the court to serve as Defendant's personnel director and to second- guess

its assignment of teachers throughout the system.  Defendant's record of advancing employees

---

[10]Ms. Easterling complained that she should not be required to perform duty as all other
teachers do, including the system's only other APE teacher.

without regard to their gender is well documented, and Plaintiff's assertions that she was discriminated against on the basis of her gender and was the victim of retaliation are without merit. Defendant respectfully requests that its Motion for Summary Judgment be granted.

Respectfully submitted,

HAMMONDS & SILLS
1103 Royal Avenue
Monroe, LA 71201
(318) 324-0101

By:_____
    Jon K. Guice, Bar No. 20841
    Michael Blake Kramer, Bar No. 28645

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been forwarded to Laurie W. Lyons, Walker, Tooke & Lyons, 1700 Irving Place, Shreveport, Louisiana 71101, counsel of record for plaintiff herein, by placing a copy of same in the United States mail, postage prepaid, this _21_ day of May, 2004.

_____
Jon K. Guice

-12-

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

## NOTICE OF DOCUMENTS NOT FILED IN RECORD

CIVIL CASE #    1:03cv0985

SUE ANN EASTERLING

VS.

CONCORDIA PARISH SCHOOL BOARD et al

ATTACHMENTS TO:

DOCUMENT #:   23

DESCRIPTION:   Motion for Summary Judgment

FILED BY:        Concordia Parish School Board

FILE DATE:       05/21/04

HAVE BEEN PLACE IN AN ACCORDIAN FOLDER.

Sandra J. Dean
DEPUTY CLERK