U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

AUG 1 6 2004

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SUE ANN EASTERLING                           CIVIL ACTION NO. 03-0985-A

VERSUS                                       JUDGE DRELL

CONCORDIA PARISH SCHOOL BOARD                MAGISTRATE JUDGE KIRK

### SUPPLEMENTAL MEMORANDUM IN SUPPORT
### OF MOTION FOR SUMMARY JUDGMENT
### ON THE CLAIM OF CONSTRUCTIVE DISCHARGE

NOW INTO COURT, through undersigned counsel, comes defendant, Concordia Parish School Board, which respectfully offers this memorandum in support of its Motion for Summary Judgment seeking dismissal of the plaintiff's claim of constructive discharge.

### Facts

Throughout the litigation of this case, Ms. Easterling has remained employed by the Concordia Parish School Board as an APE teacher. However, on May 15, 2004 she tendered her resignation. Subsequently, Ms. Easterling amended her complaint to include a claim for constructive discharge. The defendant was allowed to depose the plaintiff regarding this claim and to supplement its motion for summary judgment in order to respond to the plaintiff's new allegations.

### Argument

In *Pennsylvania State Police v. Suders*, 124 S. Ct. 2342 (2004), the United States Supreme Court held that a plaintiff seeking to establish constructive discharge must first establish a hostile work environment "sufficiently severe or pervasive to alter the conditions of their employment." Further, for a constructive discharge claim to be successful, the plaintiff must make an additional

showing that "the abusive working environment became so intolerable that her resignation qualified as a fitting response." It is the defendant's assertion that not only will plaintiff be unable to prove such working conditions, but also that any claims by the plaintiff that her work environment had become intolerable are completely false.[1]

Ms. Easterling has conveyed to the defendant her desire to continue her employment with the Concordia Parish School Board in a capacity other than APE teacher on numerous occasions. Even after the plaintiff had tendered her letter of resignation to the school board, she continued to express a desire to work there. Moreover, the plaintiff has explicitly stated that she resigned because she does not want to be obligated to work as an APE teacher.[2] During the pendency of this litigation and following her resignation, Ms. Easterling continued to make inquiries about the salary and requirements for the behavioral interventionist and assistant behavioral interventionist positions.[3] This is despite the fact that an assignment to either of these positions would have maintained Ms. Easterling's employment under the administration consisting of Mr. Butcher, Mr. Brown, Mr. Huhn, and Mary Tarver, all of whom she claims represented the "long arm of the Concordia Parish School Board" that was making her life so difficult.[4]

Since Ms. Easterling obviously did not consider the Concordia Parish School Board's employment of her so intolerable as to prevent her from seeking other positions with the same

---

[1] Defendant's original Motion for Summary Judgement responded to each of Plaintiff's allegations of mistreatment.

[2] See attached email dated May 20, 2004 and correspondence attached to defendant's Supplemental Motion for Summary Judgment as Exhibit 3..

[3] Id.

[4] Deposition of Sue Easterling No. 2, page 46 lines 16 - page 47, line 5.

supervisors, she cannot meet the standard of constructive discharge laid out by the Supreme Court in *Suders*. Ms. Easterling's only complaint is clearly that she was still employed as an APE teacher, not that her employer or her work environment had become so intolerable as to compel her to resign. The latest position she sought simply did not pay enough to satisfy Mr. Easterling and she was tired of working as an APE teacher, so she resigned.

Finally, the alleged incident that Ms. Easterling now claims to have motivated her to resign involved a conversation with Mary Tarver regarding Ms. Easterling's failure to turn over her computer on the last day of school on May 26th or 27th.[5] Obviously, Ms. Easterling had already tendered her resignation almost two weeks prior to this incident.[6] Since Ms. Easterling had already resigned prior to the incident in question, there is no way it could have had any bearing upon any alleged "constructive discharge" from her employment with the Concordia Parish School Board, and Ms. Easterling should not be allowed to take totally inconsistent positions in order to create issues of fact. One need only read the transcript of the December 18, 2003, conference between Superintendent Laster and Ms. Easterling (Exhibit 19 to defendant's Motion for Summary Judgment) in order to see the cooperative manner in which the school board has tried to address Ms. Easterling's multiple complaints.

Plaintiff's own statements and admissions regarding this issue clearly that any claim of constructive discharge is not supported by the facts and is untenable as a matter of law under the Supreme Court's recent holding in *Suders*. Accordingly, the defendant respectfully requests that its

---

[5]Id. at page 48, lines 10-18.

[6]Id. at page 48, lines 16-18.

motion for summary judgment be granted and plaintiff's claims be dismissed with prejudice and at plaintiff's cost.

                                          Respectfully submitted,

                                          HAMMONDS & SILLS
                                          1103 Royal Avenue
                                          Monroe, LA 71201
                                          (318) 324-0101

By:_____
                                      Jon K. Guice, Bar No. 20841
                                      Michael Blake Kramer, Bar No. 28645

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been forwarded to Laurie W. Lyons, Walker, Tooke & Lyons, 1700 Irving Place, Shreveport, Louisiana 71101, counsel of record for plaintiff herein, by placing a copy of same in the United States mail, postage prepaid, this 16th day of August, 2004.

                                          _____
                                          Jon K. Guice